366 F.Supp.2d 1280

ANSHAN IRON & STEEL COMPANY, LTD., *et al.*, Plaintiffs, v. UNITED STATES OF AMERICA Defendant, and UNITED STATES STEEL CORPORATION, and GALLATIN STEEL COMPANY, *et al.*, Defendant-Intervenors.

Consol. Court No. 02–00088

*JUDGMENT ORDER*

WALLACH, Judge: Upon consideration of the Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to

---

interfacility transfers—for its decision to recalculate the surrogate financial ratios using Surya's raw materials consumption net of internal consumption. *See Decision Mem.*, at cmt. 8, Pls.' App., Ex. 2, at 15. The first explanation seemed to make a strong case for removing amounts from the numerators, and the second explanation left the matter unclear.

In its briefing for *Hebei Metals I*, the Government did not improve the situation by taking the position that internal consumption of raw materials did not incur SG&A and factory overhead expenses. *See* Def.'s Br. at 37. *Hebei Metals I* demonstrated that, in at least one circumstance (calculation of the indirect selling expenses ratio for the United States price), Commerce attributed expenses to sales that "can be construed as a routine transfer of merchandise." Slip Op. 04–88 (quoting *Stainless Steel Sheet and Strip in Coils from Mexico*, 68 Fed. Reg. 6,889, 6,891). *Hebei Metals I* also cited Fuyao Glass Industry Group Co., Ltd. v. United States, No. 02–00282, Slip Op. 03–169 (Ct. Int'l Trade Dec. 18, 2003), which, although it involves the distinct issue of general expenses incurred by the sale of trade goods, addressed the evidentiary problems involved in deducting amounts from the numerators of surrogate ratios. Slip Op. 03–169 at 40.

With the *Remand Determination*, Commerce has settled finally on the inter-facility transfers/double-counting rationale for removing internal raw materials consumption from the denominator, and has explained for the first time how the double-counting rationale does not require an adjustment to the numerators. This is adequate, and, because this case bears significant factual differences from *Stainless Steel Sheet and Strip in Coils from Mexico*, 68 Fed. Reg. at 6,891, it is not necessary to specifically address the methodology used in that review for United States price as it bears on arbitrariness in the calculation of normal value here.

Court Remand ("Remand Determination"), filed pursuant to this court's decision and Order in *Anshan Iron & Steel Co. v. United States*, Slip Op. 04–121 (September 22, 2004); the parties having filed no comments contesting Commerce's Remand Determination; the Court having reviewed Commerce's Remand Determination and all pleadings and papers on file herein, and good cause appearing therefore, it is hereby

ORDERED that Commerce's Remand Determination is in accordance with this Court's decision and Order of September 22, 2004; and it is further

ORDERED that Commerce's Remand Determination is sustained.